IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| EVET Y. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-cv-2053 |
| LIBERTY VILLAGE MANOR COURT, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Liberty Village Manor Court's (Liberty Village) Motion to Dismiss (d/e 19) (Motion). The parties have consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered July 7, 2021 (d/e 28). Pro se Plaintiff Evet Taylor alleges claims for racial harassment, discriminatory discharge, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. Complaint for Employment Discrimination (d/e 1) (Complaint). Taylor also alleges a claim for disability discrimination in violation of the Americans With Disabilities Act. 29 U.S.C. §12101 et seq. Liberty Village moves to dismiss the racial harassment and disability

discrimination claims but not the discriminatory discharge and retaliation claims. For the reasons set forth below, the Motion is ALLOWED.

## STATEMENT OF FACTS

For purposes of the Motion, the Court assumes that all of Taylor's factual allegations in her Complaint are true, and the Court draws all inferences from those allegations in favor of Taylor. See Access Living of Metropolitan Chicago, Inc. v. City of Chicago, 372 F.Supp.3d 663, 667 (N.D. Ill. 2019). Taylor attached to her Complaint the Charge of Discrimination (Charge) that she filed with the Equal Employment Opportunity Commission (EEOC). The Charge is part of the Complaint for all purposes. See Fed. R. Civ. P. 10(c).

Taylor is an African American and referred to herself as Black. Taylor worked at a Certified Nurse's Assistant (CNA)/Shower Aide at Liberty Village. From November 2009 until her termination on March 9, 2010, she alleges that she was racially harassed by her supervisor, PJ Brown. Brown harassed Taylor by making Taylor work weekends and through her lunch break. Brown did not make a non-Black employee work weekends and through her lunch break. Complaint, at 4, and attached Charge, at 1.

On February 1, 2010, Taylor opposed Brown's discrimination to Liberty Village's Corporate Office. Taylor also complained to A.D.O.N.

Christal Thomas.  The Complaint does not define the term A.D.O.N.  The Court presumes the term means Assistant or Associate Director of Nursing.  On March 18, 2010, Taylor was discharged.  Taylor alleges that the timing raises an inference of retaliatory motivation.  She also alleges that other non-Black employees were not treated similarly.  After Taylor's discharge, Liberty Village repeatedly gave bad references to Taylor's prospective employers with whom Taylor had applied for employment.  Taylor alleges the bad references were given in retaliation of her opposition to discrimination.  See Complaint, attached Charge, at 1-3.

Taylor also checked the appropriate box on her Complaint form asking the Court to order Liberty Village to reasonably accommodate her disabilities.  Complaint, at 3.

Taylor filed her Charge with the EEOC on August 3, 2010.  Approximately ten years later, the EEOC issued Taylor a Right to Sue Letter on December 18, 2020.  Complaint, attached Right to Sue Letter.  Taylor filed her Complaint on March 14, 2021.

Liberty Village moves to dismiss the racial harassment claim and the disability discrimination claim.  Taylor opposes the Motion.

ANALYSIS

A plaintiff's complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1).  The plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

Title VII prohibits employment discrimination because of the employee's race, color, religion, sex, or national origin.  42. U.S.C. § 2000e-2(a)(1).  Racial harassment violates Title VII if the harassment creates a hostile work environment.  To allege a hostile work environment,

Taylor must allege: (1) the work environment was objectively and subjectively offensive; (2) the harassment was based on membership in a protected class, here race; (3) the conduct was severe and pervasive; (4) and a basis for employer liability.  Nichols v. Michigan City Plant Planning Dept., 755 F.3d 594, 600-01 (7th Cir. 2014).  To be severe and pervasive, the defendant's must engage in harassing and abusive conduct that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment."  Harris v. Forklift Systems, Inc., 510 U.S.17, 21 (1993).

    Here, Taylor alleges that her supervisor made her work weekends and through lunch.  She does not allege racially abusive conduct or actions.  Requiring an employee to work weekends and through lunch is not sufficient to show an objectively racially abusive work environment that was severe and pervasive.  See Smith v. Rosebud Farmstand, 909 F.Supp.2d 1001, 1005 (N.D. Ill. 2012).  Taylor fails to state a claim for racial harassment or a racially hostile work environment.

    Taylor, however, alleges that her employer treated her differently than non-Black employees.  Disparate treatment may also violate Title VII.  The Court recognizes that Taylor does not mention the theory of disparate treatment discrimination in connection with being required to work

weekends and through lunch.  A party is not required to allege a legal theory and specifying the wrong legal theory is not fatal to a plaintiff's claim. Hall v. Nalco Co., 534 F.3d 644, 649 n.3 (7th Cir. 2008).  The allegations that her supervisor made her work weekends and through lunch, however, would not state a claim for disparate treatment employment discrimination.

To allege a claim for disparate treatment discrimination, a plaintiff must allege that (1) she is a member of a protected class, (2) she was subjected to an adverse employment action, and (3) her employer subjected her to the adverse employment action because of her membership in the protected class.  See Gehring v. Case Corp., 43 F.3d 340, 344 (7th Cir.1994).[1]  Taylor alleges that her supervisor made her work weekends and through lunch but did not make non-Black employees do so. The question is whether making an employee work through lunch and on weekends is an adverse employment action.

An adverse employment action is a significant adverse change in the conditions of employment:

> Although we define adverse employment action broadly, not everything that makes an employee unhappy is an actionable adverse action. For an employment action to be actionable, it must be a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly

---

[1] In mixed motive cases, the party may be able to state a claim if she alleges that her membership in the protected class was a motivating factor in the employer's actions.  See 42 U.S.C. § 2000e-5(g)(2)(B).

> different responsibility, or a decision causing a significant change in benefits. We have noted that a materially adverse employment action can be categorized into three groups: (1) the employee's current wealth such as compensation, fringe benefits, and financial terms of employment including termination; (2) the employee's career prospects thus impacting the employee's future wealth; and (3) changes to the employee's work conditions including subjecting her to humiliating, degrading, unsafe, unhealthy, or otherwise significant negative alteration in [her] work place environment.

Lewis v. City of Chicago, 496 F.3d 645, 653 (7th Cir. 2007) (internal citations and quotations omitted). Taylor fails to allege that making her work weekends and through lunch harmed her financially, harmed her career prospects, or subjected her to a "humiliating, degrading, unsafe, unhealthy, or otherwise significant negative" workplace environment. She therefore fails to allege that she suffered an adverse employment action by being required to work through lunch and on weekends. She does not state a claim for disparate treatment employment discrimination.

      Taylor also fails to state a claim for disability discrimination. To allege a claim for disparate treatment disability discrimination, a plaintiff must allege that (1) she has a disability, (2) she was qualified to perform the essential functions of her job with or without a reasonable accommodation; (3) she was subjected to an adverse employment action, and (4) her employer subjected her to the adverse employment action because she

was disabled.  See Hoffman v. Caterpillar, Inc., 256 F.3d 568, 572-73.  Taylor did not allege any facts in her Complaint on any of these elements.  She only checked a box asking the Court to order Liberty Village to reasonably accommodate her disabilities.  Taylor does not state a claim.

Taylor, further, did not allege disability discrimination in her Charge.  She, therefore, cannot raise the claim in this case.  42 U.S.C. § 12117(a); Hale v. Board of Trustees of Southern Illinois University School of Medicine, 219 F.Supp.3d 860, 865 (C.D. Ill. 2016).  Taylor cannot proceed with her disability discrimination claim.

THEREFORE, IT IS ORDERED that Defendant Liberty Village Manor Court's Motion to Dismiss (d/e 19) is ALLOWED.  Plaintiff Evet Taylor's racial harassment claims, or alternatively disparate treatment claims, and her disability discrimination claims are DISMISSED.  Plaintiff may proceed with her Title VII claims that Defendant discriminated against her because of her race when Defendant fired her and her claims that Defendant retaliated against her for opposing discrimination.  Defendant is directed to answer Plaintiff's remaining claims by August 27, 2021.

ENTER:   August 12, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE
